# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Case No. 4:16CR119 |
| | § | Judge Mazzant |
| LEONARDO GUZMAN ZAMBRANO | § | |
| | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *Pro Se* Motion to Appoint Counsel, Motion to Reduce Sentence – First Step Act Under 18 U.S.C. §3582(c)(1)(A) Compassionate Release [Dkt. 369]. Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be DENIED.

### BACKGROUND

On September 7, 2016, a two-count Indictment was returned by the Grand Jury for the Eastern District of Texas, Sherman Division. Count 1 charged Leonardo Guzman-Zambrano and 12 others with Conspiracy to Import Five Kilograms or More of Cocaine and to Manufacture and Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 963. This offense occurred from in or about March 2015 and continued thereafter up to and including September 7, 2016. Count 2 charged Leonardo Guzman- Zambrano and 12 others with Manufacturing and Distributing Five Kilograms of More of Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2. This offense occurred from in or about March 2015 and continued thereafter up to and including September 7,

2016. The Indictment also contains a Notice of Intent to Seek Criminal Forfeiture [Dkt. #1] . On December 12, 2022, the defendant appeared before United States Magistrate Judge Christine A. Nowak and entered a plea of guilty as to Count 1, pursuant to a Rule 11(c)(1)(B), non-binding Plea Agreement. On December 13, 2022, the undersigned adopted the Findings of Fact and Recommendation on Guilty Plea of the United States Magistrate Judge [Dkt.#313].

On January 18, 2024, Defendant was sentenced by the undersigned to 87 months imprisonment, supervised release of 5 years on Count 1 and Count 2 was dismissed on oral motion by the Government [Dkt. #345].

On March 31, 2025, Defendant filed *Pro Se* a Motion to Appoint Counsel, Motion to Reduce Sentence – First Step Act [Dkt. #369].

**LEGAL STANDARD**

**I.      18 U.S.C. § 3582(c)(1)(A)**

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). "Often referred to as 'compassionate release,' § 3582(c)(1)(A) embodies a rare exception to a conviction's finality." *United States v. Wilson*, No. 1:07-CR-236-MAC-CLS-1, 2024 WL 4267923, at *3 (E.D. Tex. Sept. 23, 2024). The statute gives the Court discretion, under certain circumstances, to reduce a defendant's term of imprisonment. *Id.* The First Step Act of 2018, in part, states:

> (A)     the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)   extraordinary and compelling reasons warrant such a reduction; or

(ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Pub. L. No. 115-391, 132 Stat. 5194, codified as 18 U.S.C. §3582(c)(1)(A).[1]

Instead of defining "extraordinary and compelling reasons," Congress delegated its authority to the United States Sentencing Commission ("Commission") to define the term. *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *see also Wilson*, 2024 WL 4267923, at *3 (collecting cases); *United States v. Jean*, 108 F.4th 275, 278 (5th Cir. 2024). "Although the Commission issued a policy statement prior to the passage of the [First Step Act] that described the reasons that qualify as extraordinary and compelling, that policy statement referenced only those motions filed by the Director of the [Bureau of Prisons]" *Wilson*, 2024 WL 4267923, at *3. Accordingly, the Fifth Circuit held that the policy statement was inapplicable to motions filed by defendants on their own

---

[1] This provision is often referred to as "compassionate release." *See Wilson*, 2024 WL 4267923, at *3 (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

behalf. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

This changed on November 1, 2023, when the amendments to the United States Sentencing Guidelines ("Guidelines") became effective. The Commission amended the Guidelines to extend the applicability of the policy statement set forth in U.S.S.G. § 1B1.13 to defendant-filed motions and to broaden the scope of what qualifies as "extraordinary and compelling" reasons potentially warranting compassionate release. *Wilson*, 2024 WL 4267923, at *4 (citing U.S.S.G. § 1B1.13). Section 1B1.13(b), as amended, identifies six categories of circumstances that may qualify as "extraordinary and compelling." U.S.S.G. § 1B1.13(b). The categories are: (1) the medical circumstances of the defendant; (2) the age of the defendant; (3) the family circumstances of the defendant; (4) whether the defendant was a victim of abuse while in custody; (5) other reasons similar in gravity to those previously described; and (6) an unusually long sentence. *Id.* § 1B1.13(b)(1)–(6). Notably, rehabilitation alone is insufficient to grant a defendant's motion for compassionate release. *Jean*, 108 F.4th at 279.

## II.     Exhaustion of Administrative Remedies

Section 3582(c)(1)(A) states that the Court may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. *Wilson*, 2024 WL 4267923, at *4 (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020)).[2] That is, a defendant may not seek relief from a court before first exhausting each administrative avenue available to the defendant. *See Wilson*, 2024 WL 4267923, at *4.

---

[2] The exhaustion requirement applies whether the motion is styled as one for compassionate release or merely for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *Wilson*, 2024 WL 4267923, at *4.

"Accordingly, before seeking relief from the [C]ourt, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

This exhaustion requirement is a "mandatory claim-processing rule," which means a defendant may not waive it himself. *Franco*, 973 F.3d at 468; *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory . . . we must enforce this procedural rule"). However, that is not to say the exhaustion requirement can never be waived. Section 3582(c)'s exhaustion requirement is a claim-processing rule—not a jurisdictional prerequisite. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Thus, like other claim-processing rules, "the Government must properly raise the rule before it will be enforced." *Id.* (cleaned up); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (cleaned up and citations omitted) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it . . . But an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point."). In turn, if the Government does not invoke the exhaustion requirement, the Court will deem the matter waived for the purposes of a defendant's motion under § 3582(c)(1)(A). *See Ward*, 11 F.4th at 361; *see also United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) (finding abuse of discretion where the failure to exhaust administrative remedies was raised *sua sponte*).

The Defendant has failed to exhaust his administrative remedies.

## CONCLUSION

It is therefore ORDERED that the Defendant's *Pro Se* Motion to Appoint Counsel, Motion to Reduce Sentence – First Step Act Under 18 U.S.C. §3582(c)(1)(A) Compassionate Release [Dkt. 369] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of April, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE